AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### Eastern District of Michigan

| | |
|---|---|
| LISA LEONE | ) |
| | ) |
| | ) |
| *Plaintiff,* | )   Civil Action No. |
| | ) |
| v. | ) |
| | )   Hon. |
| WYNDHAM HOTELS AND RESORTS, LLC, | ) |
| and OTIS ELEVATOR COMPANY, | ) |
| *Defendant.* | ) |

### SUMMONS IN A CIVIL ACTION

To:  Otis Elevator Company
Legal Department
11760 US Hwy 1, Suite 600
Palm Beach Gardens, FL 33408

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kirk, Huth, Lange & Badalamenti, PLC
19500 Hall Rd. Ste. 100
Clinton Township, MI 48038
586-412-4900

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____

*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# Summons and Complaint Return of Service

Case No.

Hon.

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*     WYNDHAM HOTELS AND RESORTS, LLC

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | | |
|---|---|---|
| LISA LEONE | ) | |
| | ) | |
| | ) | Civil Action No. |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| WYNDHAM HOTELS AND RESORTS, LLC, | ) | |
| and OTIS ELEVATOR COMPANY, | ) | |
| *Defendant.* | ) | |

### SUMMONS IN A CIVIL ACTION

To:    Wyndham Hotel & Resorts, Inc.
Legal Department
22  Sylvan Way
Parsippany, New Jersey 07054

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kirk, Huth, Lange & Badalamenti, PLC
19500 Hall Rd. Ste. 100
Clinton Township, MI 48038
586-412-4900

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____

*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# Summons and Complaint Return of Service

Case No.

Hon.

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*   WYNDHAM HOTELS AND RESORTS, LLC

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA LEONE,

      Plaintiff,

v.                                     Case No. _____

                                          Hon. _____

WYNDHAM HOTELS AND RESORTS, LLC,
and OTIS ELEVATOR COMPANY,

      Defendants.

_____/

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: RAECHEL M. BADALAMENTI (P64361)
PATRICK S. MCKAY (P72106)
ELIZABETH P. ROBERTS (P76017)
MICHAEL PETRUS (P84605)
Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI 48038
(586) 412-4900
rbadalamenti@kirkhuthlaw.com

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action between the parties hereto
arising out of the transaction or occurrence alleged in this complaint.

               /s/*Raechel M. Badalamenti*
             Raechel M. Badalamenti (P64361)

NOW COMES Plaintiff, Lisa Leone, by and through her attorneys, KIRK,

HUTH, LANGE & BADALAMENTI, PLC, and for her Complaint and Demand for

a Jury Trial in this matter, states as follows:

1.    Plaintiff is a resident of the Township of Shelby, County of Macomb, State of

      Michigan.

1

2.     Upon information and belief, Defendant Wyndham Hotels and Resorts, LLC ("Wyndham") is a Delaware Corporation, with its principal place of business in New Jersey, and at all times relevant was engaged in business as a foreign corporation in Oakland County, Michigan and Allegheny County, Pennsylvania.

3.     Upon information and belief, Defendant Otis Elevator Company ("Otis") is a New Jersey Corporation, with its principal place of business in Connecticut, and at all relevant times was engaged in business as a foreign corporation in Wayne County, Michigan and Allegheny County, Pennsylvania.

4.     The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney fees such that this Court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. 1332 (complete diversity jurisdiction).

5.     This lawsuit arises out of an injury to Plaintiff involving a certain Elevator (the "Elevator") located at the Wyndham Grand Pittsburgh Downtown Hotel located at 600 Commonwealth Place, Pittsburgh (the "Hotel").

6.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2) and/or (b)(3) given that no parties are residents of the State of Pennsylvania where the incident that is the subject of this action occurred, because both Defendant Wyndham and Defendant Otis (collectively, "Defendants") have, at all relevant times, conducted business in the County of Macomb, State of Michigan and availed itself of personal jurisdiction of the Courts of this State, pursuant to the long-arm statute at MCL 600.715 by doing

business in the State of Michigan with residents of the State of Michigan, and, finally, because Plaintiff is a resident of the County of Macomb, State of Michigan where the effects of the injury she sustained as a result of the negligent acts and/or omissions of Defendants continue to be felt.

7.     Upon information and belief, the Elevator is and was designed, manufactured, sold, installed, owned, leased/subleased, operated, serviced and/or maintained, at all relevant times, by Defendant Otis.

8.     Upon information, the Hotel building and appurtenances including the Elevator is and was owned, operated, and/or maintained, at all relevant times, by Defendant Wyndham.

9.     At all relevant times, the Defendants, or one of them, had control of the common means of passage into, through, and out of the Hotel building, including the Elevator extending between the first (1st) and twenty-fifth (25th) floors and used for transportation of freight and passengers.

10.    On September 2, 2020, Plaintiff was checked in at the Hotel as a patron and, thus, an invitee of Defendants.

11.    Notably, the Hotel was the host-hotel for the NPC North American Championship bodybuilding competition, in which Plaintiff was a registered competitor.

12.    On September 2, 2020 at approximately 5:00 p.m., Plaintiff, along with approximately two dozen other hotel patrons, were waiting in the Hotel Lobby for the Elevator to arrive at the ground level and clear of its riders.

13.    When the Elevator was cleared, level and ready for entry, Ms. Leone took a step into the elevator.

14.    While Plaintiff was in the act of entering the elevator for the purpose of being transported from first (1st) to twenty-first (21st) floor, the Elevator suddenly jerked upward, without warning, as a direct and proximate result of negligence of Defendants (the "injury producing event"), causing Plaintiff to stumble into the elevator and smash her face into the back wall and handrail of the Elevator and lose consciousness, thereby injuring her.

15.    As a direct and proximate result of the negligence of Defendants, Plaintiff sustained severe, permanent, and painful injuries, both externally and internally, including but not limited to her head, neck, face, nose, hip, and back, as well as other related and applicable difficulties, injuries or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed, and other injuries and damages and consequences that are found to be related to the injury-producing event that develop or manifest themselves during the course of discovery and trial.

16.     As a result of her injuries, Plaintiff suffers from weakness, pain and numbness throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a diminished earning capacity for the duration of her life.

17.     Additionally, as a result of her injuries, Plaintiff has been and continues to be required to undergo costly medical treatment, including but not limited to the cost of full septo-rhinoplasty.

## COUNT I – PRODUCTS LIABILITY AND NEGLIGENCE AGAINST OTIS

18.     Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-instated herein.

19.     At all relevant times, Defendant Otis owed a duty to Plaintiff and the general public to:

> A. Exercise reasonable care in the design and manufacture of its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;
>
> B. Properly design and manufacture its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;
>
> C. Properly fabricate and assemble its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;
>
> D. Properly warn of the potential dangers and possible failures of its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

E. Properly inspect and test its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

F. Properly install its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

G. Properly operate, maintain and service its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons; and

H. Comply with OHSA Standards to avoid injury to persons, including but not limited to the following:

    i. 1917.116(c) which provides: No elevator or escalator with a defect which affects safety shall be used.

    ii. 1917.116(d) which provides: Elevator safety devices shall not be overridden or made inoperable.

    iii. 1917.116(e) which provides: Elevators and escalators shall be thoroughly inspected at intervals not exceeding one year. Additional monthly inspections for satisfactory operation shall be conducted by designated persons. Records of the results of the latest annual elevator inspections shall be posted in elevators. Records of annual escalator inspections shall be posted in the vicinity of the escalator or be available at the terminal.

    iv. 1917.116(f) which provides: Elevator landing openings shall be provided with doors, gates or equivalent protection which shall be in place when the elevator is not at that landing,…

    v. 1917.116(g) which provides: The elevator's or escalator's maximum load limits shall be posted and not exceeded. Elevator load limits shall be posted conspicuously both inside and outside of the car.

    vi. 1917.116(h) which provides: Elevators shall be operated only by designated persons except for automatic or door interlocking elevators which provide full shaft door closing and automatic car leveling.

20.    It was further the Defendants' duty to maintain and operate the Elevator, or to cause it to be maintained and operated, with the highest degree of care to avoid reasonably foreseeable injury to persons.

21.    Defendant Otis negligently breached its duties to Plaintiff, including but not limited to, in the following ways:

A. Failing to exercise reasonable care in the design and manufacture of its products, including the Elevator which caused Plaintiff's injuries;

B. Failing to design and manufacture the Elevator to eliminate a hazard that would permit the injuries to Plaintiff.

C. Failing to design and manufacture its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

D. Failing to properly fabricate and assemble the Elevator;

E. Failing to adequately warn of the potential dangers and possible failures of its products, including the Elevator which caused Plaintiff's injuries;

F. Failing to properly inspect and test its products, including the Elevator which caused Plaintiff's injuries;

G. Failing to properly install its products, including the Elevator which caused Plaintiff's injuries;

H. Failing to properly operate, maintain and service its products, including the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

I. Allowing the Elevator to become and remain in a dangerous condition, so that, after being stopped, it might suddenly start to ascend or descend of its own accord;

J. Failing immediately to stop the descent of the Elevator, although Otis knew or should have known that Plaintiff was in the act of entering the Elevator and would be injured if it were not stopped;

7

K. Failing to maintain the Elevator in proper and safe condition for the transportation of passengers, including Plaintiff;

L. Failing to repair the Elevator, or cause it to be repaired, although they, or one or more of them, had knowledge or notice of its unsafe condition;

M. Starting the Elevator, or causing or permitting it to start, while Plaintiff was in the act of entering it; and/or

N. Failing to comply with OHSA Standards to avoid injury to persons, including but not limited to the following:

   i. 1917.116(c) which provides: No elevator or escalator with a defect which affects safety shall be used.
   ii. 1917.116(d) which provides: Elevator safety devices shall not be overridden or made inoperable.
   iii. 1917.116(e) which provides: Elevators and escalators shall be thoroughly inspected at intervals not exceeding one year. Additional monthly inspections for satisfactory operation shall be conducted by designated persons. Records of the results of the latest annual elevator inspections shall be posted in elevators. Records of annual escalator inspections shall be posted in the vicinity of the escalator or be available at the terminal.
   iv. 1917.116(f) which provides: Elevator landing openings shall be provided with doors, gates or equivalent protection which shall be in place when the elevator is not at that landing,…
   v. 1917.116(g) which provides: The elevator's or escalator's maximum load limits shall be posted and not exceeded. Elevator load limits shall be posted conspicuously both inside and outside of the car.
   vi. 1917.116(h) which provides: Elevators shall be operated only by designated persons except for automatic or door interlocking elevators which provide full shaft door closing and automatic car leveling.

22.    Upon information and belief, a technically feasible alternative production practice was available that would have prevented the harm to Plaintiff without

significantly impairing the usefulness or desirability of the Elevator to users and without creating equal or greater risk of harm to others.

23.    Indeed, at the relevant times hereto, the Elevator was not reasonably safe for use by persons.

24.    These breaches of duty by Defendant Otis directly and proximately caused injuries and damage to Plaintiff, including but not limited to injuries to Plaintiff's head, neck, face, nose, hip, and back, weakness, pain and numbness throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a diminished earning capacity for the duration of her life and the costs of continuing medical treatment.

25.    In the alternative, Defendant Otis had actual knowledge that the Elevator was defective and that there was a substantial likelihood that this defect would cause injury, and Defendant Otis willfully disregarded that knowledge.

26.    In the second alternative, Defendant Otis's actions and breaches of duty were grossly negligent.

27.    In the third alternative, the injury producing event would not have occurred but for the per se negligence of Defendant Otis.

28.    The injury to Plaintiff was reasonably foreseeable and sustained through no negligence of the Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant Otis in an amount that will fairly and adequately compensate Plaintiff for his injuries, together with the costs of this action, interest, and attorney fees.

## COUNT II – BREACH OF EXPRESS WARRANTIES AGAINST OTIS

29.   Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

30.   Otis expressly warranted, represented, and stated regarding the Elevator that:

    A. The Elevator was in compliance with OHSA Standards, &

    B. The Elevator had been inspected and was in working condition.

31.   Plaintiff relied upon the representations and statements of express warranty set forth in paragraph 30, which were false.

32.   As a direct and proximate result of these false representations and warranties, Plaintiff was proximately injured through the breach of these express warranties when the Elevator suddenly jerked upward, without warning, while in use, causing Plaintiff to stumble into the elevator and smash her face into the back wall and handrail of the Elevator and lose consciousness.

33.   As a direct and proximate result of these false representations and warranties, Plaintiff sustained injuries and damages, including but not limited to injuries to Plaintiff's head, neck, face, nose, hip, and back, weakness, pain and numbness

throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a diminished earning capacity for the duration of her life and the costs of continuing medical treatment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Otis in an amount that will fairly and adequately compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

## <u>COUNT III – BREACH OF IMPLIED WARRANTIES AGAINST OTIS</u>

34.    Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

35.    At all relevant times, Defendant Otis represented that the Elevator was reasonably safe for use, fit for purposes intended, and of merchantable quality.

36.    At all relevant times, Defendant Otis warranted by implication that the Elevator was reasonably safe for use, fit for purposes intended, and of merchantable quality.

37.    The implied representations and warranties of Defendant Otis, as set forth in paragraphs 35 and 36 above, were false.

38.     The Elevator was not reasonably fit for the use or purpose anticipated or reasonably foreseen by Defendant Otis when it left and/or while it remained within Defendant Otis's control.

39.     As a proximate result of the breach of implied warranty by Defendant Otis, Plaintiff was injured and will continue to suffer and sustain damages in the future as previously described.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Otis in an amount that will fairly and adequately compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

### COUNT IV – NEGLIGENCE AGAINST WYNDHAM

40.     Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

41.     At all relevant times, Defendant Wyndham owed a duty to Plaintiff and the general public to:

A. Ensure that the Elevator was reasonably safe for use by passengers;

B. Properly warn of the potential dangers and possible failures of the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

C. Properly inspect and test the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

D. Ensure the proper installation of the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

12

E. Properly operate, maintain and service the Elevator which caused Plaintiff's injuries, to avoid injury to persons; and

F. Ensure that the Elevator was in compliance with OHSA Standards to avoid injury to persons, including but not limited to the following:

    i. 1917.116(c) which provides: No elevator or escalator with a defect which affects safety shall be used.

    ii. 1917.116(d) which provides: Elevator safety devices shall not be overridden or made inoperable.

    iii. 1917.116(e) which provides: Elevators and escalators shall be thoroughly inspected at intervals not exceeding one year. Additional monthly inspections for satisfactory operation shall be conducted by designated persons. Records of the results of the latest annual elevator inspections shall be posted in elevators. Records of annual escalator inspections shall be posted in the vicinity of the escalator or be available at the terminal.

    iv. 1917.116(f) which provides: Elevator landing openings shall be provided with doors, gates or equivalent protection which shall be in place when the elevator is not at that landing,…

    v. 1917.116(g) which provides: The elevator's or escalator's maximum load limits shall be posted and not exceeded. Elevator load limits shall be posted conspicuously both inside and outside of the car.

    vi. 1917.116(h) which provides: Elevators shall be operated only by designated persons except for automatic or door interlocking elevators which provide full shaft door closing and automatic car leveling.

42.    It was further the Defendants' duty to maintain and operate the Elevator, or to cause it to be maintained and operated, with the highest degree of care to avoid reasonably foreseeable injury to persons.

43.     Defendant Wyndham negligently breached its duties to Plaintiff, including but

not limited to, in the following ways:

A. Failing to ensure that the Elevator was reasonably safe for use by
passengers;

B. Failing to adequately warn of the potential dangers and possible failures
of the Elevator which caused Plaintiff's injuries;

C. Failing to properly inspect and test the Elevator which caused Plaintiff's
injuries, to avoid injury to persons;

D. Failing to ensure the proper installation of the Elevator which caused
Plaintiff's injuries;

E. Failing to properly operate, maintain and service the Elevator which
caused Plaintiff's injuries, to avoid injury to persons;

F. Allowing the Elevator to become and remain in a dangerous condition, so
that, after being stopped, it might suddenly start to ascend or descend of
its own accord;

G. Failing immediately to stop the descent of the Elevator, although
Wyndham knew or should have known that Plaintiff was in the act of
entering the Elevator and would be injured if it were not stopped;

H. Failing to maintain the Elevator in proper and safe condition for the
transportation of passengers, including Plaintiff;

I. Failing to repair the Elevator, or cause it to be repaired, although they, or
one or more of them, had knowledge or notice of its unsafe condition;

J. Starting the Elevator, or causing or permitting it to start, while Plaintiff
was in the act of entering it; and/or

K. Failing to ensure that the Elevator was in compliance with OHSA
Standards to avoid injury to persons, including but not limited to the
following:

14

  i. 1917.116(c) which provides: No elevator or escalator with a defect which affects safety shall be used.

  ii. 1917.116(d) which provides: Elevator safety devices shall not be overridden or made inoperable.

  iii. 1917.116(e) which provides: Elevators and escalators shall be thoroughly inspected at intervals not exceeding one year. Additional monthly inspections for satisfactory operation shall be conducted by designated persons. Records of the results of the latest annual elevator inspections shall be posted in elevators. Records of annual escalator inspections shall be posted in the vicinity of the escalator or be available at the terminal.

  iv. 1917.116(f) which provides: Elevator landing openings shall be provided with doors, gates or equivalent protection which shall be in place when the elevator is not at that landing,…

  v. 1917.116(g) which provides: The elevator's or escalator's maximum load limits shall be posted and not exceeded. Elevator load limits shall be posted conspicuously both inside and outside of the car.

  vi. 1917.116(h) which provides: Elevators shall be operated only by designated persons except for automatic or door interlocking elevators which provide full shaft door closing and automatic car leveling.

44.   Indeed, at the relevant times hereto, the Elevator was not reasonably safe for use by persons.

45.   These breaches of duty by Defendant Wyndham directly and proximately caused injuries and damage to Plaintiff, including but not limited to injuries to Plaintiff's head, neck, face, nose, hip, and back, weakness, pain and numbness throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a

diminished earning capacity for the duration of her life and the costs of continuing medical treatment.

46.     In the alternative, Defendant Wyndham had actual knowledge that the Elevator was defective and that there was a substantial likelihood that this defect would cause injury, and Defendant Wyndham willfully disregarded that knowledge.

47.     In the second alternative, Defendant Wyndham's actions and breaches of duty were grossly negligent.

48.     In the third alternative, the injury producing event would not have occurred but for the per se negligence of Defendant Wyndham.

49.     The injury to Plaintiff was reasonably foreseeable and sustained through no negligence of the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Wyndham in an amount that will fairly and adequately compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

## COUNT V – PREMISES LIABILITY AGAINST WYNDHAM

50.     Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

51.    Defendant Wyndham had a duty to use ordinary care to protect Plaintiff, as an invitee, from conditions on its Hotel premises that presented unreasonable risks of harm, including that the Elevator was in a defective condition.

52.    Defendant Wyndham knew, or should have known, that the Elevator on its Hotel premises, was in a defective condition and that it posed an unreasonable risk of harm to passengers including Plaintiff.

53.    Defendant Wyndham breached its duty to protect Plaintiff from unreasonable risks of harm on its premises and thus was negligent in numerous ways, including the following:

    A. Failing to ensure that the Elevator was reasonably safe for use by passengers;

    B. Failing to adequately warn of the potential dangers and possible failures of the Elevator which caused Plaintiff's injuries;

    C. Failing to properly inspect and test the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

    D. Failing to ensure the proper installation of the Elevator which caused Plaintiff's injuries;

    E. Failing to properly operate, maintain and service the Elevator which caused Plaintiff's injuries, to avoid injury to persons;

    F. Allowing the Elevator to become and remain in a dangerous condition, so that, after being stopped, it might suddenly start to ascend or descend of its own accord;

    G. Failing immediately to stop the descent of the Elevator, although Wyndham knew or should have known that Plaintiff was in the act of entering the Elevator and would be injured if it were not stopped;

17

H. Failing to maintain the Elevator in proper and safe condition for the transportation of passengers, including Plaintiff;

I. Failing to repair the Elevator, or cause it to be repaired, although they, or one or more of them, had knowledge or notice of its unsafe condition;

J. Starting the Elevator, or causing or permitting it to start, while Plaintiff was in the act of entering it; and/or

K. Failing to ensure that the Elevator was in compliance with OHSA Standards to avoid injury to persons, including but not limited to the following:

  i. 1917.116(c) which provides: No elevator or escalator with a defect which affects safety shall be used.
  ii. 1917.116(d) which provides: Elevator safety devices shall not be overridden or made inoperable.
  iii. 1917.116(e) which provides: Elevators and escalators shall be thoroughly inspected at intervals not exceeding one year. Additional monthly inspections for satisfactory operation shall be conducted by designated persons. Records of the results of the latest annual elevator inspections shall be posted in elevators. Records of annual escalator inspections shall be posted in the vicinity of the escalator or be available at the terminal.
  iv. 1917.116(f) which provides: Elevator landing openings shall be provided with doors, gates or equivalent protection which shall be in place when the elevator is not at that landing,…
  v. 1917.116(g) which provides: The elevator's or escalator's maximum load limits shall be posted and not exceeded. Elevator load limits shall be posted conspicuously both inside and outside of the car.
  vi. 1917.116(h) which provides: Elevators shall be operated only by designated persons except for automatic or door interlocking elevators which provide full shaft door closing and automatic car leveling.

18

54.    As a direct and proximate result of Defendant's breach of its duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on its premises, Plaintiff sustained serious personal injuries, including but not limited to injuries to Plaintiff's head, neck, face, nose, hip, and back, weakness, pain and numbness throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a diminished earning capacity for the duration of her life and the costs of continuing medical treatment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Wyndham in an amount that will fairly and adequately compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

## <u>COUNT VI – BREACH OF EXPRESS WARRANTIES<br>AGAINST WYNDHAM</u>

55.    Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

56.    Wyndham expressly warranted, represented, and stated regarding the Elevator that:

A. The Elevator was in compliance with OHSA Standards, &

B. The Elevator had been inspected and was in working condition.

57.     Plaintiff relied upon the representations and statements of express warranty set forth in paragraph 56, which were false.

58.     Plaintiff was directly and proximately injured through the breach of these express warranties when the Elevator suddenly jerked upward, without warning, while in use, causing Plaintiff to stumble into the elevator and smash her face into the back wall and handrail of the Elevator and lose consciousness.

59.     As a direct and proximate result of these false representations and warranties, Plaintiff sustained injuries and damages, including but not limited to injuries to Plaintiff's head, neck, face, nose, hip, and back, weakness, pain and numbness throughout her body, headaches, trouble sleeping, anxiety and stress, mental anguish, fear, humiliation, embarrassment, wage loss, loss of society and companionship, the inability to attend to her usual duties and affairs, and a diminished earning capacity for the duration of her life and the costs of continuing medical treatment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Wyndham in an amount that will fairly and adequately compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

## COUNT VII – BREACH OF IMPLIED WARRANTIES
## AGAINST WYNDHAM

60.    Plaintiff incorporates by reference the preceding paragraphs hereof as though fully re-stated herein.

61.    At all relevant times, Defendant Wyndham represented that the Hotel and the Elevator was reasonably safe for use, fit for purposes intended, and of merchantable quality.

62.    At all relevant times, Defendant Wyndham warranted by implication that the Hotel and the Elevator was reasonably safe for use, fit for purposes intended, and of merchantable quality.

63.    The implied representations and warranties of Defendant Wyndham, as set forth in paragraphs 61 and 62 above, were false.

64.    The Hotel and Elevator were not reasonably fit for the use or purpose anticipated or reasonably foreseen by Defendant Wyndham while it remained within Defendant Wyndham's control.

65.    As a proximate result of the breach of implied warranty by Defendant Wyndham, Plaintiff was injured and will continue to suffer and sustain damages in the future as previously described.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Wyndham in an amount that will fairly and adequately

compensate Plaintiff for her injuries, together with the costs of this action, interest, and attorney fees.

Respectfully submitted,

KIRK, HUTH, LANGE & BADALAMENTI, PLC


/s/*Raechel M. Badalamenti*
RAECHEL M. BADALAMENTI (P64361)
PATRICK S. MCKAY (P72106)
ELIZABETH P. ROBERTS (P76017)
MICHAEL J. PETRUS (P84605)
Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI 48038
December 30, 2020                   (586) 412-4900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA LEONE,

     Plaintiff,

v.                                          Case No. _____

                            Hon. _____

WYNDHAM HOTELS AND RESORTS, LLC,
and OTIS ELEVATOR COMPANY,

     Defendants.
_____/
KIRK, HUTH, LANGE & BADALAMENTI, PLC
By:  RAECHEL M. BADALAMENTI (P64361)
PATRICK S. MCKAY (P72106)
ELIZABETH P. ROBERTS (P76017)
MICHAEL PETRUS (P84605)
Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900
rbadalamenti@kirkhuthlaw.com
_____/

**<ins>DEMAND FOR JURY TRIAL</ins>**

     Plaintiff Lisa Leone, by and through her counsel, KIRK, HUTH, LANGE &

BADALAMENTI, P.LC., hereby demands a trial by jury of all issues complained

of herein.

                               Respectfully submitted,

                               KIRK, HUTH, LANGE & BADALAMENTI, PLC

                               /s/*Raechel M. Badalamenti*
                               RAECHEL M. BADALAMENTI (P64361)
                               PATRICK S. MCKAY (P72106)
                               ELIZABETH P. ROBERTS (P76017)
                               MICHAEL J. PETRUS (P84605)

23

Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI 48038
December 30, 2020                    (586) 412-4900