UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA LEONE,

    Plaintiff,

  vs.

WYNDHAM HOTELS AND RESORTS,
LLC and OTIS ELEVATOR CO.,

    Defendants.
_____/

Case No. 20-13412

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT [ECF No. 7]

Plaintiff, Lisa Leone, filed this personal injury action arising out of an elevator incident that occurred at the Wyndham Grand Pittsburgh Downtown Hotel ("Hotel") in Pittsburgh, Pennsylvania. The matter is before the Court on defendant Otis Elevator Company's ("Otis") motion to dismiss pursuant to Rule 12(b)(2) on the grounds that the Court lacks personal jurisdiction over Otis. In the alternative, Otis moves to transfer the matter to the United States District Court for the Western District of Pennsylvania, "for the convenience of the parties and witnesses" pursuant to 28 U.S.C. §§1404(a) or 1406(a) (ECF No. 7). Defendant Wyndham Hotels and Resorts, LLC ("Wyndham"), owner and operator of the Hotel, joined in

Otis's motion (ECF No. 11). The matter is fully briefed and the Court does not believe that oral argument would significantly aid the decisional process. Thus, pursuant to E.D. Mich. Local R. 7.1(f)(2), the motion be resolved without oral argument.

For the reasons explained below, defendant's motion is granted.

## STATEMENT OF FACTS

Plaintiff Leone, a Michigan citizen, checked in as a guest at the defendant Hotel on September 2, 2020. The Hotel was the host-hotel for the NPC North American Championship bodybuilding competition, in which plaintiff was competing. At approximately 5:00 p.m., Leone and about two dozen other guests were in the Hotel lobby waiting for the elevator. The elevator was designed, manufactured, installed and serviced by defendant Otis. As Leone entered the elevator, it suddenly jerked upward without warning, causing her to stumble forward. Leone smashed her face on the back wall and handrail of the elevator and lost consciousness. Leone alleges that she sustained severe, permanent, and painful injuries, both externally and internally, including but not limited to her head, neck, face, nose, hip, and back. Leone asserts claims of products liability, negligence, and breach of express and implied warranties against Otis and Wyndham. She also asserts a claim of premises liability against Wyndham.

Both defendants were served with the Summons and Complaint on or about January 4, 2021. Defendant Wyndham filed an appearance on January 25, 2021 (ECF No. 6). Defendant Otis filed the instant motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. Otis's motion is premised on the fact that the injury took place in Pennsylvania, and Otis is a New Jersey Corporation with its principal place of business in Connecticut. Wyndham, a Delaware Corporation with its principal place of business in New Jersey, filed a notice of joinder in Otis's motion.

## LEGAL STANDARD

In the context of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing the existence of personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where the court decides the issue of personal jurisdiction without first holding an evidentiary hearing, the facts are construed in the light most favorable to the plaintiff as the nonmoving party and the plaintiff "need only make a prima facie showing of jurisdiction." *Id*. The plaintiff can meet this burden by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Id*. (citation omitted). Where the facts proffered by

the defendant conflict with those offered by the plaintiff, the court disregards the defendant's facts for purposes of ruling on the motion. *Id*. In the face of a properly supported motion for dismissal, however, the plaintiff "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

## ANALYSIS

To assert personal jurisdiction over a non-consenting defendant outside the forum state, two requirements must be satisfied: (1) the defendant must be subject to personal jurisdiction under the forum state's laws, in this case one of Michigan's long-arm statutes; and (2) the assertion of personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Neogen*, 282 F.3d at 888. "Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa." *Conn v. Zakharov*, 667 F.3d 705, 711-12 (6th Cir. 2012) (citing *Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006)). "The Due Process Clause requires that the defendant have sufficient 'minimum contact[s]' with the forum state" so that finding personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Id*. at 712 (citations omitted).

Michigan's long-arm statute extends general jurisdiction pursuant to Mich. Comp. Laws § 600.711 and limited jurisdiction pursuant to Mich. Comp. Laws § 600.715. General jurisdiction enables a court to exercise jurisdiction over a corporation "regardless of whether the claim at issue is related to its activities in the state or has an in-state effect." *Neogen*, 282 F.3d at 888. "In contrast to general, all-purpose jurisdiction, specific [or limited] jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Neogen*, 282 F.3d at 888 (stating that limited jurisdiction "extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect.").

Plaintiff alleges that the Court has both general and limited personal jurisdiction over each defendant. Plaintiff also maintains that Wyndham waived any argument regarding personal jurisdiction when it filed a general appearance in the case.

I.      Waiver of Personal Jurisdiction Defense

Plaintiff argues that Wyndham waived its objection to personal jurisdiction by filing a general appearance, citing to *Gerber v. Riordan*, 649 F.3d 514, 517–20 (6th Cir. 2011). On the same day that plaintiff made this

argument, the Sixth Circuit issued an opinion clarifying *Gerber* and its progeny, and holding that "[f]iling a notice of appearance does not, on its own, cause a defendant to waive her personal jurisdiction defense." *Blessing v. Chandrasekhar*, No. 20-5850, 2021 WL 684863, at *2 (6th Cir. Feb. 23, 2021). The Court stated that "*Gerber* requires a fact-specific analysis of a defendant's litigation conduct, and a defendant's mere appearance—without participation—does not waive the defense of personal jurisdiction." *Id*. at *6.

"The two factors that the district court must consider are whether the defendant gave the plaintiff "a reasonable expectation that [the defendant] will defend the suit on the merits," and whether the defendant "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id*. at *8 (citing *Gerber*, 649 F.3d. at 519). Here, Wyndham filed an appearance on January 25, 2021 and then filed its joinder in Otis's motion to dismiss for lack of personal jurisdiction on February 17, 2021. Neither of Wyndham's filings could have given plaintiff the impression that it intended to litigate the merits nor did they put the Court to work. Therefore, Wyndham's notice of appearance of counsel does not constitute waiver.

II.      General Jurisdiction

In Michigan, courts have general jurisdiction over a corporation when it incorporates under Michigan laws, consents to be sued in Michigan, or carries on a "continuous and systematic part of its general business within the state." M.C.L. § 600.711. For a corporation, the "paradigm forum" for the exercise of general jurisdiction is its place of incorporation or principal place of business. *Goodyear*, 564 U.S. at 924. The exercise of general jurisdiction over a corporation is appropriate only when its affiliations with the forum state are "so constant and pervasive 'as to render [it] essentially at home.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear*, 564 U.S. at 919).

Neither Otis nor Wyndham is incorporated in Michigan, nor do they consent to suit in Michigan. Therefore, in order to be subject to general jurisdiction in this state, the defendants must each be found to engage in "continuous and systematic" business in Michigan. In making this determination, Michigan courts consider "whether the particular corporate entity has a physical location, officers, employees, or bank accounts in Michigan," and the corporation's "conduct in soliciting and procuring sales and purchases within Michigan." *Glenn v. TPI Petroleum, Inc.*, 305 Mich.App. 698, 707 (2014).

Plaintiff argues that Otis engages in continuous and systematic business in Michigan because it has operated under various assumed names in the state, it touts itself as the "world's leading company for elevator and escalator manufacturing, installation and service," it is believed to have office buildings and employees in the state, it is believed that a large portion of its sales are attributable to Michigan, and it has been sued in the federal and state courts of Michigan. (ECF No. 10, PageID.89-90).

As proof of these assertions, plaintiff cites to websites and court opinions. For example, the Michigan Department of Licensing and Regulatory Affairs ("LARA") website shows that Otis has operated under several assumed names. Plaintiff highlights, including one Cavinder Elevator Services Company, whose website states that the "3rd generation elevator family" services and installs elevators in several states including in Michigan. (ECF No. 10, PageID.89). However, LARA's information page for Otis shows that the Cavinder assumed name expired at the end of 2008.[1] Plaintiff's remaining statements in support of Otis's contacts in the state lack specificity or are made "upon information and belief". This does not meet the burden placed upon a plaintiff to set forth specific facts, by

---

[1] https://cofs.lara.state.mi.us/CorpWeb/UAA/UAAAssumedNames.aspx?CID=9P08X0&PageType=VIEW

affidavit or otherwise, showing that the court has jurisdiction. *Theunissen*, 935 F.2d at 1459. For instance, in its response brief, plaintiff states that "Defendant Otis has, upon information and belief, at least <u>13 office buildings in Michigan, including offices in Detroit, Farmington Hills, Jackson, Lansing, Battle Creek, Kentwood, Kalamazoo, Grand Rapids, Muskegon, Traverse City, East Jordan, Escanaba and Hancock</u>. At each of these offices, on information and belief Defendant <u>Otis maintains employees in Michigan</u>." (ECF No. 10, PageID.90). Plaintiff does not identify any source in support of this information.

     Even assuming plaintiff's assertions as to Otis's in-state business are true, that alone does not suffice to permit the assertion of general jurisdiction over claims that are unrelated to any activity occurring in Michigan. Merely conducting business in the forum state does not necessarily render a corporation "at home" there. *See Daimler*, 571 U.S. at 132 ("[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"). Only in an "exceptional case" will a corporate defendant's operations be "so substantial and of such a nature as to render the corporation at home in that State." *BNSF Railway Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017); *Daimler*, 571 U.S. at 138. Despite

Plaintiff's list of Otis's alleged business activities within the state, plaintiff has not met her burden of proving that Otis's presence in Michigan is so substantial as to say that Otis is at home in the state. Nor does plaintiff meet her burden as to Wyndham, having identified no business activity by the corporation in Michigan.

III.    Limited Jurisdiction

Michigan statutorily provides limited personal jurisdiction over a nonresident corporation for claims "arising out of the act or acts which create any of the following relationships," including "the transaction of any business within the state." M.C.L. § 600.715(1). "[T]he slightest act of business in Michigan" satisfies this standard. *Neogen*, 282 F.3d at 888 (quoting *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988)). Establishing the requisite showing is so "extraordinarily easy" that Michigan courts have stated that "[t]he only real limitation placed on this [long arm] statute is the due process clause." *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) (internal quotations and citations omitted).

"[Plaintiff] must therefore establish with reasonable particularity sufficient 'minimum contacts' with Michigan so that the exercise of jurisdiction over [the defendant] would not offend 'traditional notions of fair

play and substantial justice.'" *Neogen*, 282 F.3d at 889 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).  Three elements must be shown to demonstrate that a defendant has "minimum contacts" with the forum: 1) the defendant must "purposefully avail himself of the privilege of acting in the forum state;" 2) "the cause of action must arise from the defendant's activities there;" and 3) "the acts of the defendant ... must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

In this case, neither defendant disputes the first prong, that they have purposefully availed themselves of the privilege of conducting business in Michigan.

The second factor requires plaintiff to show that its causes of action arise out of defendants' activities in Michigan.  *See Mohasco Indus., Inc.*, 401 F.2d at 381.  This factor is concerned with the burden on the defendant corporation, which includes "submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017).  A court may exercise specific jurisdiction over a defendant only if there is an "affiliation between the forum and the underlying controversy,

principally, an activity or an occurrence that takes place in the forum State." *Id.* at 1781 (citing *Goodyear*, 564 U.S. at 919). An action is deemed to "arise from" a defendant's contacts with the forum state when those contacts are related to the operative facts of the controversy. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507 (6th Cir. 2014). Stated another way, "the plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state. *Id*. at 507-08. Here, plaintiff alleges that she was injured due to defendants' negligence in maintaining the elevator in the Hotel in Pennsylvania. Plaintiff's claims simply do not arise out of defendants' activities in Michigan.

  Plaintiff having failed to establish that her causes of action arise out of defendants' activities in this state, the Court need not continue with the third prong of the due process analysis. *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed.Appx. 518, 523 (6th Cir. 2006) (citing *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)). The Court does observe, however, that because defendants have limited contacts with Michigan, the burden placed on them outweighs plaintiff's and the forum state's interest.

  Because plaintiff has not established all three elements required to satisfy due process, the Court cannot exercise personal jurisdiction over

defendants without offending traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Now, therefore,

The Court grants defendants' motion to dismiss and dismisses the action without prejudice. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005) (dismissal for lack of personal jurisdiction does not operate as adjudication on the merits, and, therefore, must be without prejudice). As such, defendants' alternative request for transfer of venue is moot.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (ECF No. 7) is GRANTED and the case is dismissed without prejudice.

Dated: March 9, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk